**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | Chapter 13 – |
| STEVEN PERCIVAL SOLOMON, | : | Case No. 26-11223-LMI |
| | | **Adversary Case No.: 26-01162-PDR** |
| Debtor, | : | |
| KAYLEN MAGLARIS a/k/a RYAN SMILES, an individual, | : | |
| Plaintiff, | : | |
| v. | : | |
| STEVEN PERCIVAL SOLOMON, an individual, | : | |
| Defendant. | : | |

**MOTION TO STAY AND TO HOLD PROCEEDING IN ABEYANCE PENDING RESOLUTION OF CIVIL ACTION**

Plaintiff, *KAYLEN MAGLARIS a/k/a RYAN SMILES* ("Plaintiff"), by and through her undersigned counsel, files this Motion to Stay pending resolution of civil action against Steven Solomon, and alleges as follows:

1. The debt that Plaintiff seeks to except from discharge is the subject of a civil action against Debtor pending in state court (the "State Court Action"), which asserts exclusively state-law causes of action.

2. The State Court Action has been pending since June 17, 2022.

3. The state court is already familiar with the facts, claims, and procedural posture of the State Court Action.

4. The State Court Action was set for trial in August 2026. Debtor filed this Chapter 13 case shortly before a court-ordered deposition, and the State Court Action has since been placed in abeyance as a result of Debtor's bankruptcy filing.

5. Plaintiff's adversary complaint seeks a determination that the debt owed by Debtor is excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A)and 523(a)(6), and, alternatively, under 11 U.S.C. § 1328(a)(4). Because dischargeability cannot be adjudicated until the existence and amount of the debt are established, the debt must first be liquidated.

6. Plaintiff seeks only limited relief from the automatic stay so that liability and damages may be liquidated to final judgment in the State Court Action; Plaintiff does not seek authority through this Motion to enforce or collect any judgment against Debtor or property of the estate absent further order of this Court.

7. Liquidation of the debt in the State Court Action will promote judicial economy, avoid duplicative litigation, and materially narrow, if not eliminate, the issues remaining for this Court, which should hold this adversary proceeding in abeyance pending entry of final judgment.

## MEMORANDUM OF LAW

Plaintiff respectfully requests two forms of relief: (i) limited relief from the automatic stay under 11 U.S.C. § 362(d)(1) so that the debt may be liquidated to final judgment in the State Court Action, and (ii) an order holding this adversary proceeding in abeyance until that liquidation is complete, reserving the dischargeability determination for this Court. Both are firmly supported by the law of this District.

### I. Cause Exists Under Section 362(d)(1) to Permit the State Court Action to Proceed to Final Judgment.

Upon the request of a party in interest, the Court shall grant relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause," so courts determine whether cause exists based on the totality of the circumstances, balancing the hardship to the creditor if it is not permitted to proceed against the potential prejudice to the debtor, the

estate, and other creditors. *matter of Forehand*, No. 15-41980, 2016 WL 637955 (Bankr. S.D. Ga. Feb. 12, 2016)).

To decide whether to lift the stay so that a party may continue litigation in another forum, courts weigh the twelve factors commonly applied to such motions, including whether relief would result in a partial or complete resolution of the issues, whether a specialized tribunal with the necessary expertise has been established to hear the cause of action, the interest of judicial economy and the expeditious and economical resolution of litigation, whether the parties are ready for trial in the other proceeding, and the impact of the stay on the parties and the balance of harms. *Id.*

Those factors strongly favor relief here. The State Court Action was set for trial in August 2026 and the Plaintiff is prepared to try it; the state court has particular expertise in the state-law claims at issue and is already familiar with the facts and procedural posture; and permitting that court to determine liability serves judicial economy by avoiding duplicative litigation of the same issues in two forums.

The legislative history of Section 362(d)(1) likewise recognizes that it is often appropriate to permit proceedings to continue in their forum of origin, where no great prejudice to the estate would result, in order to leave the parties to their chosen forum.

Debtor will suffer no prejudice. Plaintiff seeks leave only to liquidate the claim to final judgment and expressly does not seek to enforce or collect any judgment against Debtor or property of the estate absent further order of this Court. Relief so limited protects the estate while allowing the more convenient forum to fix the amount of the debt. *In re Harris*, 135 B.R. 434 (Bankr. S.D. Fla. 1992)).

## II. <u>The Court Should Hold This Adversary Proceeding in Abeyance Pending Liquidation of the Debt.</u>

A nondischargeability action of this kind proceeds in two steps: the creditor must first establish the existence and amount of the debt, and only then may the Court determine whether that debt is dischargeable. *In re Miller*, 589 B.R. 550 (Bankr. S.D. Miss. 2018)). Where, as here, the same debt is the subject of a pending action arising from the same nucleus of operative facts, the creditor may not simultaneously litigate the merits in two forums, and dual-track litigation would waste judicial resources and offend comity with the state court. *In re Davidson*, No. 23-30018, 2025 WL 511226 (Bankr. N.D. Fla. Feb. 14, 2025)).

Deferring the determination of dischargeability until the creditor's claim is liquidated in another court of competent jurisdiction is well within the discretion of a bankruptcy court, absent prejudice to the debtor. *In re Harris*, 135 B.R. 434 (Bankr. S.D. Fla. 1992). In *In re Harris*, the bankruptcy court for this District did precisely what Plaintiff requests: it lifted the automatic stay to permit the creditor to prosecute a prepetition action "through final judgment, but not collection," and deferred the Section 523 adversary until the debt was liquidated, reserving the dischargeability determination for itself. *Id.* The court reasoned that conducting a full dischargeability trial in the bankruptcy forum would duplicate the proofs required in the other action, waste judicial resources, and raise the specter of inconsistent judgments. *Id.*

More recently, in *In re Davidson*, the Bankruptcy Court for the U.S. Northern District of Florida held it appropriate to hold a Section 523(a) adversary proceeding in abeyance pending the outcome of pending state-court litigation where the adversary and the state claims arose from the same nucleus of operative facts, directing the parties to notify the court upon adjudication of liability. *In re Davidson*, No. 23-30018, 2025 WL 511226 (Bankr. N.D. Fla. Feb. 14, 2025).

Abeyance, rather than abstention or dismissal, is the correct mechanism because this Court retains exclusive jurisdiction to determine the dischargeability of debts under Sections 523(a)(2) and 523(a)(6). Such determinations are core proceedings, 28 U.S.C. § 157(b)(2)(I), and no court but the bankruptcy court in which the debtor's case is pending is competent to decide them. *See In re Caranci*, 228 B.R. 777 (Bankr. M.D. Fla. 1998))( holding the adversary in abeyance allows the state court to liquidate the debt while preserving this Court's exclusive authority to adjudicate dischargeability afterward)

Finally, the Court possesses ample authority to grant the requested relief. A bankruptcy court has inherent power to control its own docket, including the timing of the proceedings before it. *In re Bellucci*, 119 B.R. 763 (Bankr. E.D. Cal. 1990)). Moreover, Section 105(a) confirms its authority to issue any order necessary or appropriate to carry out the provisions of the Code and to prevent an abuse of process. 11 U.S.C. § 105(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Granting limited relief from the automatic stay under 11 U.S.C. § 362(d)(1) to permit Plaintiff to prosecute the State Court Action against Debtor through entry of final judgment, but not to enforce or collect any judgment;

B. Holding this adversary proceeding in abeyance pending entry of final judgment liquidating Plaintiff's claims in the State Court Action;

C. Providing that enforcement or collection against Debtor or property of the estate shall remain stayed absent further order of this Court;

D. Reserving for this Court the determination of the dischargeability of the debt under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(6) (and, alternatively, 11 U.S.C. § 1328(a)(4) following liquidation of the debt in the State Court Action; and

E. Granting such other and further relief as the Court deems just and proper.

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that, pursuant to Local Rule 7007-1(a) of the United States Bankruptcy Court for the Southern District of Florida, on June 30, 2026, the undersigned counsel for Plaintiff conferred with counsel for Debtor/Defendant, Steven Percival Solomon, in a good faith effort to resolve the issues raised by this Motion. Counsel for Debtor/Defendant advised that Debtor/Defendant opposes the relief requested herein. The undersigned has satisfied the pre-filing conferral requirements of Local Rule 7007-1(a).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed via the CM/ECF system on July 13, 2026 which will serve a copy to all counsel of record and all parties receiving electronic notification.

Respectfully submitted,

**500law**
Museum Plaza, Suite 100
200 South Andrews Avenue
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
By: */s/ Salvatore Fazio*
**Salvatore Fazio, Esq.**
Florida Bar No. 127525
sfazio@500law.com
docketing@500law.com
*Counsel for Plaintiff*