**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.: 26-11223-LMI
CHAPTER 13

IN RE:

ADVERSARY NO. 26-01162-

PDR
STEVEN PERCIVAL SOLOMON

Debtor.
____________________________________/

KAYLEN MAGLARIS,
Plaintiff,

v.

STEVEN PERCIVAL SOLOMON,
Defendant.
____________________________________/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STAY AND TO HOLD PROCEEDING IN ABEYANCE**

Defendant/Debtor, Steven Percival Solomon ("Defendant"), files this Response in Opposition to Plaintiff Kaylen Maglaris a/k/a Ryan Smiles's Motion to Stay and to Hold Proceeding in Abeyance Pending Resolution of Civil Action [ECF No. 10] (the "Motion"), and states:

## I. INTRODUCTION

Plaintiff requests two related forms of relief: modification of the automatic stay so that he may prosecute her pending state-court action against Defendant through final judgment, and abeyance of this adversary proceeding while that litigation proceeds. The

Motion should be denied because Plaintiff has not shown that the totality of the circumstances warrants shifting the litigation from this Court to the state court.

Plaintiff's promise not to collect a judgment does not eliminate the expense and disruption of defending a state-court trial during Defendant's Chapter 13 case. Plaintiff also asks this Court to suspend the adversary proceeding before deciding Defendant's pending Motion to Dismiss, which challenges each nondischargeability count. The Court should resolve that threshold motion before permitting the broader state action to proceed.

The state action's age and former trial setting deserve consideration, but neither establishes when a judgment will be entered or how much of the dischargeability dispute it will resolve. An abeyance tied to an unspecified future judgment would postpone the pending threshold ruling without a demonstrated benefit to this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the state-court action on June 17, 2022, asserting claims arising from the parties' disputed business relationship. The state complaint includes claims for breach of fiduciary duty, accounting, constructive fraud, fraud in the inducement, tortious interference, violation of the Florida Deceptive and Unfair Trade Practices Act, infringement and publicity-right violations, unjust enrichment, and intentional infliction of emotional distress.

Defendant filed his bankruptcy petition on January 30, 2026. According to Plaintiff's complaint, the state-court action was then set for trial in August 2026. Plaintiff subsequently commenced this adversary proceeding, seeking determinations of nondischargeability under Sections 523(a)(2)(A), 523(a)(4), and 1328(a)(4).

On July 6, 2026, Defendant filed a Motion to Dismiss the adversary complaint under Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012. That motion challenges the legal sufficiency of each nondischargeability count and requests dismissal of the complaint or, alternatively, dismissal without prejudice to amendment.

On July 13, 2026, Plaintiff filed the present Motion. Plaintiff asks the Court to permit prosecution of the state action through final judgment, prohibit enforcement or collection without further order, and hold this adversary proceeding in abeyance until the state-court claims are liquidated.

**III. LEGAL STANDARD**

Whether cause exists to modify the automatic stay under Section 362(d)(1) depends on the totality of the circumstances. *State Farm Fla. Ins. Co. v. Carapella (In re Gaime)*, 17 F.4th 1349, 1355 (2021).

No fixed list of circumstances controls that determination. Relevant considerations may include the parties' respective hardships, the Bankruptcy Code's objectives, and the existence of pending state-court proceedings. *Disciplinary Bd. v. Feingold (In re Feingold)*, 730 F.3d 1268, 1277 (2013).

When relief is requested to pursue litigation in another forum, courts may consider whether that litigation will resolve the issues, whether it will interfere with the bankruptcy case, the interests of judicial economy, the readiness of the other proceeding for trial, prejudice to other creditors, and the balance of harms. *Beane v. United States (In re Beane)*, 404 B.R. 942, 948 (2008).

A ruling on stay relief determines whether adjudication will proceed in the bankruptcy forum or in state court. *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 45 (2020). The requested relief therefore requires a case-specific assessment of the competing burdens and benefits, not merely a showing that another action is pending.

## IV. ARGUMENT

### A. Plaintiff Has Not Established Cause to Modify the Automatic Stay.

Plaintiff relies on the age of the state action, the state court's familiarity with the dispute, and an August 2026 trial setting that preceded this Motion. Those considerations bear on judicial economy, but the Motion does not establish the present trial posture, a timetable for judgment, or why the entire state action must proceed before this Court addresses the pending Motion to Dismiss.

Plaintiff's proposed prohibition on collection protects against immediate enforcement, but Defendant would still have to defend multiple state-law claims through judgment while performing under Chapter 13. The Court must weigh the actual burdens and benefits of stay relief in the circumstances of this case. *Disciplinary Bd.*, 730 F.3d at 1277.

The Motion does not explain why requiring Defendant to defend the entire state action now would serve the Chapter 13 case, or how it would avoid diverting resources from that case. Interference with bankruptcy administration, judicial economy, and the balance of harms are relevant considerations. *Beane*, 404 B.R. at 948.

Plaintiff has already invoked this Court's jurisdiction through her adversary complaint. Her desire to pursue a potentially nondischargeable debt does not, by itself,

establish cause for stay relief. *Disciplinary Bd.*, 730 F.3d at 1277. The sensible first step is to decide whether her complaint states a claim, rather than require Defendant to defend the broader state action while that question remains pending.

**B. Judicial Economy Favors Resolution of Defendant's Pending Motion to Dismiss, Not Abeyance.**

Defendant's Motion to Dismiss was filed before the Motion and challenges all three counts of the adversary complaint. Those threshold issues have already been presented to this Court. If the Motion to Dismiss is granted, it may narrow or eliminate the issues that Plaintiff proposes to hold in abeyance.

Plaintiff's proposed sequence would postpone a threshold determination already before this Court and authorize litigation of multiple state-law claims, including claims that may have no bearing on dischargeability. Deciding the Motion to Dismiss first may narrow the questions that either court must address.

Plaintiff argues that the state litigation could liquidate the debt and narrow the dischargeability dispute. A bankruptcy court may, in its discretion, permit another proceeding to determine liability and defer the dischargeability determination when doing so will save time, effort, and expense. *In re Harris*, 7 B.R. 284, 286 (1980). That authority recognizes discretion; it does not require deferral whenever a related action is pending.

Here, the Motion does not demonstrate that sending the parties back to state court will produce a more expeditious resolution. Although the state action was filed in 2022, it remained unresolved when the Motion was filed in July 2026. The Motion identifies a former trial setting but does not establish when a final judgment will be entered or when the proposed abeyance will end.

**C. The Motion Does Not Show That the State-Court Action Will Efficiently Resolve the Issues Before This Court.**

The state-court action and the adversary proceeding are not coextensive. The state complaint asserts numerous causes of action and seeks damages and equitable relief against both Defendant and NH Media Services, LLC. The adversary complaint presents three statutory theories directed to whether an alleged debt owed by Defendant is excepted from discharge.

The Motion does not identify which state claims would resolve the elements of each nondischargeability count, including the distinct personal-injury requirement of Section 1328(a)(4), or explain why adjudicating all state claims is more efficient than first deciding Defendant's challenges to the adversary complaint.

Courts considering stay relief may examine whether the other proceeding will produce a partial or complete resolution, its connection to the bankruptcy case, judicial economy, readiness for trial, and the impact of relief on the parties. Beane, 404 B.R. at 948. Merely showing factual overlap does not answer those considerations. On this record, Plaintiff has not demonstrated that prosecuting the entire state action through final judgment is the most efficient means of resolving the narrower issues presented here.

**D. The Requested Abeyance Is Uncertain in Duration and Unnecessary.**

Plaintiff asks the Court to hold this adversary proceeding in abeyance until entry of a final judgment in the state action. The Motion supplies no date by which that judgment is expected and does not address post-judgment proceedings that may delay final resolution.

This is not a circumstance in which both forums must proceed at once. If stay relief is denied, this Court may address the pending Motion to Dismiss and determine what claims, if any, remain in the adversary proceeding. By contrast, granting the Motion would halt this proceeding while reopening litigation that had already remained pending for approximately four years when the Motion was filed.

The totality of the circumstances must account for the actual benefits and burdens of lifting the stay. State Farm Fla. Ins. Co., 17 F.4th at 1355. Because Plaintiff has not established that the proposed state-court litigation and corresponding abeyance will produce a more efficient, timely, or equitable resolution, the requested relief should be denied.

## V. CONCLUSION AND PRAYER FOR RELIEF

For these reasons, Defendant/Debtor Steven Percival Solomon respectfully requests that the Court deny Plaintiff's Motion to Stay and to Hold Proceeding in Abeyance Pending Resolution of Civil Action [ECF No. 10] and decide Defendant's pending Motion to Dismiss. Alternatively, if the Court permits the state action to proceed, Defendant requests that relief be confined to the claims needed to determine liability and damages, that enforcement and collection remain prohibited without further order, and that any abeyance be subject to periodic status reports and a date for reconsideration.

Respectfully submitted this 25th day of September 2026.

/s/ Ismael J. Labrador
Ismael J. Labrador, Esq.
Gallardo Law Office, P.A.
8492 SW 8th Street
Miami, Florida 33144

Florida Bar No.: 1030508
Email: ismael@gallardolawyers.com
Phone: (305) 261-7000

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Response In Opposition to Plaintiff's Motion to Stay and to Hold Proceeding in Abeyance was filed with the Clerk of Court via the CM/ECF system on September 25, 2026, and served electronically upon all counsel of record or parties receiving electronic notification.

Respectfully submitted,

/s/ Ismael J. Labrador
Ismael J. Labrador, Esq.
Gallardo Law Office, P.A.
8492 SW 8th Street
Miami, Florida 33144
Florida Bar No.: 1030508
Email: ismael@gallardolawyers.com
Telephone: (305) 261-7000