**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | | |
|---|---|---|
| **IN RE:**<br>STEVEN PERCIVAL SOLOMON,<br><br>Debtor, | :<br>:<br><br>: | Chapter 13 –<br>Case No. 26-11223-LMI<br><br>**Adversary Case No.: 26-01162-PDR** |
| KAYLEN MAGLARIS a/k/a RYAN SMILES, an individual,<br>Plaintiff,<br>v.<br>STEVEN PERCIVAL SOLOMON, an individual,<br>Defendant. | :<br>:<br>:<br>:<br>: | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS CORRECTED COMPLAINT AND BRIEF IN SUPPORT OF ABSTENTION AND ABEYANCE

Plaintiff Kaylen Maglaris a/k/a Ryan Smiles ("Plaintiff") responds to Defendant Steven Percival Solomon's Motion to Dismiss (Adv. ECF No. 8) (the "Motion") and, as the Court directed, addresses abstention. The Court should abstain from the state-law liability questions under 28 U.S.C. § 1334(c)(1), modify the automatic stay under 11 U.S.C. § 362(d)(1) so the pending state-court action can liquidate the debt, and hold this adversary proceeding, including the Motion, in abeyance, reserving the dischargeability determination for this Court. If the Court reaches the Motion, it should deny it or, at a minimum, grant leave to amend.

## PRELIMINARY STATEMENT

This dispute has been pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, since June 17, 2022 (Case No. 2022-011197-CA-01), and was set for trial in August 2026. Corrected Compl. ¶¶ 27, 32. Defendant filed his Chapter 13 petition

on January 30, 2026, shortly before his court-ordered deposition in that action. *Id.* ¶¶ 29–30. Both proceedings arise from the same facts: the fraudulent statements to lure Plaintiff into a partnership, Defendant's control and diversion of the partnership revenues, his refusal to account, his willful and malicious deceptive trade practices and his alleged death threats to Plaintiff. The Motion asks this Court to resolve contested questions of fact on the pleadings before any tribunal has fixed liability. The more orderly course is to let the state court, which is furthest along, liquidate the claims and then determine dischargeability here on the resulting record. That sequencing serves judicial economy and comity and preserves this Court's exclusive authority over dischargeability.

The Motion's caption identifies the underlying bankruptcy as a Chapter 7 case. It is a Chapter 13 case, No. 26-11223, and this response proceeds on that posture, which controls the § 1328(a)(4) analysis.

## ARGUMENT

### I. The Court Should Abstain, Modify the Stay, and Hold This Adversary Proceeding in Abeyance So the Pending State-Court Action Can Liquidate the Claims Before Dismissal Is Considered.

#### A. Permissive Abstention Under § 1334(c)(1) Favors Deferring to the State Court.

Section 1334(c)(1) permits a bankruptcy court to abstain "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Courts in this District weigh a nonexclusive set of factors, including the effect on estate administration, the predominance of state-law issues, the presence of a related state proceeding, the degree of relatedness to the main case, the burden on the bankruptcy docket, the likelihood of forum shopping, the right to a jury trial, the presence of non-debtor parties, and comity. *Welt v. Farino* (*In re Antol Restoration, Inc.*), 444 B.R. 481, 488 (Bankr. S.D. Fla. 2011); I*n re Ivankovich Family*

*LLC*, 668 B.R. 505, 510–11 (Bankr. S.D. Fla. 2025), 668 B.R. 505, 510–11 (Bankr. S.D. Fla. 2025). No single factor is dispositive. *Ivankovich*, 668 B.R. at 511.

Those factors favor deferral. The state-law claims (fraud, accounting, tortious interference, deceptive trade practices, misappropriation of publicity rights, unjust enrichment, and intentional infliction of emotional distress) predominate over the federal dischargeability question; the state action has been pending since 2022 and is ready for trial; and the same facts drive both proceedings. Corrected Compl. ¶¶ 27–28, 32. Comity and the principle that state-law claims are ordinarily best tried in state court favor abstention, particularly where the state proceeding sounds in state law and has only a limited connection to the bankruptcy case. *See Ivankovich*, 668 B.R. at 511. A court in this District recently abstained on those grounds where the issues had been pending for years in a parallel state proceeding, *id.* at 510–11, and another Florida bankruptcy court resolved a motion to dismiss or, alternatively, to abstain by abstaining in favor of pending state-court litigation, *Hrachova v. Deutsche Bank Tr. Co. Ams.* (*In re Hrachova*), 582 B.R. 808, 809–11 (Bankr. M.D. Fla. 2018). That the dischargeability counts are core proceedings does not defeat permissive abstention. *Ivankovich*, 668 B.R. at 511; *In re MV Realty PBC, LLC*, 658 B.R. 194, 206–07 (Bankr. S.D. Fla. 2024).

Plaintiff does not overstate the doctrine. Mandatory abstention under § 1334(c)(2) does not apply to a core dischargeability proceeding, *MV Realty*, 658 B.R. at 206; *Antol*, 444 B.R. at 486–87, and permissive abstention should be exercised with restraint and is unwarranted where the state action would not liquidate the same debt, *In re Lorren*, 45 B.R. 584, 589 (Bankr. N.D. Ala. 1984). Here, the state action will liquidate the very debt at issue.

### B. The Court Retains Exclusive Jurisdiction Over Dischargeability; It Should Reserve That Question and Modify the Stay Under § 362(d)(1) So the State Court Can Liquidate the Debt.

Plaintiff does not ask the Court to relinquish dischargeability, which is a core proceeding within the bankruptcy court's exclusive jurisdiction. 28 U.S.C. § 157(b)(2)(I); 11 U.S.C. § 523(c)(1); *Spring v. Davidson* (*In re Davidson*), No. 23-30018, Adv. No. 23-3005, 2025 WL 511226, at *1 (Bankr. N.D. Fla. Feb. 14, 2025); *Parker v. Miller* (*In re Miller*), 589 B.R. 550, 555 (Bankr. S.D. Miss. 2018); *In re Caranci*, 228 B.R. 777, 779 (Bankr. M.D. Fla. 1998). The underlying liability, however, need not be tried here. A bankruptcy court may permit the claim to be reduced to judgment in a pending state action and then determine dischargeability on that record. *See Davidson*, 2025 WL 511226, at *5; *Est. of Lewis v. Anderson* (*In re Anderson*), 670 B.R. 528, 551–52 (Bankr. S.D. Ohio 2025).

Section 362(d)(1) authorizes relief from the stay for cause, including to let a pending action in another forum liquidate the claim. *In re Cummings*, 221 B.R. 814, 818 (Bankr. N.D. Ala. 1998). Courts weigh judicial economy, trial readiness, the resolution of preliminary bankruptcy issues, the creditor's chance of success on the merits, and the burden on the estate and other creditors. *In re Martin*, 542 B.R. 199, 202 (B.A.P. 6th Cir. 2015); *Cummings*, 221 B.R. at 818–19. Litigation that has progressed further than the bankruptcy proceeding favors relief. *See Martin*, 542 B.R. at 203–04. Each consideration is met here. The state action is ready for trial after years of litigation, includes a non-debtor party (NH Media Services, LLC) and a jury demand, turns on state law, and was interrupted only by Defendant's petition on the eve of his court-ordered deposition. Corrected Compl. ¶¶ 27, 30–32. Courts grant this two-step relief, modifying the stay for state-court liquidation while reserving dischargeability. *Miller*, 589 B.R. at 563–64; *Anderson*, 670 B.R. at 552. Plaintiff seeks only liquidation, not enforcement against Defendant or the estate, absent further order of this Court. Corrected Compl. ¶ 55.

### C. Holding the Adversary Proceeding in Abeyance Does Not Cede the Dischargeability Question to the State Court.

"The dischargeability of a debt must be recognized as a matter separate from the merits of the debt itself." *Martin*, 542 B.R. at 203; *accord Anderson*, 670 B.R. at 551. Because issue preclusion applies in nondischargeability proceedings, a bankruptcy court "does not improperly abdicate its role by holding an adversary proceeding" in abeyance while state-court litigation runs its course. *Martin*, 542 B.R. at 203. In a Chapter 13 case, the court did exactly that pending a state action on an unliquidated claim. *Anderson*, 670 B.R. at 552. And a court in this Circuit held a § 523(a) proceeding in abeyance because the plaintiffs "must first establish the existence of a debt," and parallel litigation "would waste judicial resources and offend the notions of comity with the state court." *Davidson*, 2025 WL 511226, at *5. The Court may also direct the parties to request special jury interrogatories on intent and the basis for any damages, to aid the later § 523(a) and § 1328(a)(4) determinations.

## II. If the Court Reaches the Motion, Each Count States a Claim.

On a motion under Rule 12(b)(6), made applicable by Bankruptcy Rule 7012(b), the Court accepts the well-pleaded factual allegations as true and construes them in Plaintiff's favor. *Bankers Healthcare Grp., LLC v. Moss* (*In re Moss*), 598 B.R. 508, 512 (Bankr. N.D. Ga. 2019). Counts I and II sound in fraud, so Rule 9(b) applies through Bankruptcy Rule 7009, but "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff need only plead the who, what, when, where, and how of the fraud. *F&F Inv. Grp., LLC v. Case* (*In re Case*), 636 B.R. 852, 857–58 (Bankr. S.D. Fla. 2022).

**A. Count I States a Claim Under § 523(a)(2)(A).**

A creditor must show a false representation made with intent to deceive, reliance, justification for that reliance, and resulting loss. *SEC v. Bilzerian* (*In re Bilzerian*), 153 F.3d 1278, 1281 (11th Cir. 1998). The Corrected Complaint identifies the speaker (Defendant), the date (on or about August 28, 2020), the representation (an equal partnership with a fifty-fifty split), the induced conduct (Plaintiff's creation of hundreds of films and photographs and her contribution of labor, equipment, and goodwill), and Defendant's benefit (the monetized accounts and retained revenue). Corrected Compl. ¶¶ 13–18, 23–26, 34–40. That satisfies Rule 9(b). *See Case*, 636 B.R. at 857–58. A promise is actionable where the promisor had no intention of performing when it was made. *Moss*, 598 B.R. at 515–16. Independently, the allegation that Defendant impersonated Plaintiff and induced her fans to pay him in the belief that they were paying her states a claim for actual fraud. Corrected Compl. ¶¶ 23–26, 39; *see Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 359–60 (2016) (actual fraud encompasses schemes effected without a false representation). The model releases do not defeat reliance on the pleadings: the standard is justifiable, not reasonable, reliance, *City Bank & Tr. Co. v. Vann* (*In re Vann*), 67 F.3d 277, 281–83 (11th Cir. 1995), with no general duty to investigate, *Field v. Mans*, 516 U.S. 59, 70–71 (1995), and the releases are extrinsic and contested. Nor is a damages allocation or prepetition judgment required; the exception reaches all liability arising from the fraud. *Cohen v. de la Cruz*, 523 U.S. 213, 218–23 (1998).

**B. Count II States a Claim Under § 523(a)(4) Because Embezzlement Requires No Preexisting Trust.**

The Motion attacks only the fiduciary-capacity branch of § 523(a)(4), arguing the absence of an express or technical trust under *Quaif v. Johnson*, 4 F.3d 950, 953–54 (11th Cir. 1993). Embezzlement and larceny, however, are independent grounds that require no fiduciary capacity. *In re Vermilio*, 457 B.R. 854, 860–61 (Bankr. M.D. Fla. 2011). Embezzlement requires property

in the debtor's lawful possession, belonging to the plaintiff, appropriated inconsistently with the plaintiff's rights and the debtor's authorization, with fraudulent intent. *Case*, 636 B.R. at 857. The Corrected Complaint pleads each element: Defendant lawfully controlled the accounts and receipts; a defined portion, including payments fans directed to Plaintiff through the impersonated accounts, belonged to Plaintiff; Defendant appropriated those funds by refusing to remit her share and diverting revenue; and he acted with fraudulent intent. Corrected Compl. ¶¶ 14–17, 23–26, 42–43. *Case* dismissed an embezzlement claim because the debtor could not embezzle funds that belonged to her, 636 B.R. at 858, but that rationale does not reach the impersonation proceeds, which belonged to Plaintiff alone. And if the fiduciary-capacity branch is insufficiently pleaded under *Quaif*, the remedy is leave to amend, not dismissal of an embezzlement theory the Motion never addresses.

### C. Count III States a Claim Under § 1328(a)(4).

Section 1328(a)(4) excepts damages "awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual." 11 U.S.C. § 1328(a)(4). Count III does not sound in fraud, so Rule 8(a) governs. *In re Harrsch*, 432 B.R. 169, 172 (Bankr. E.D. Pa. 2010). Unlike § 523(a)(6), the standard is disjunctive, so Plaintiff need show only willfulness or malice. *Adams v. Adams* (*In re Adams*), 478 B.R. 476, 484–85 (Bankr. N.D. Ga. 2012); *Olsen v. Dingess* (*In re Dingess*), 670 B.R. 412, 423 (Bankr. D. Del. 2025). Allegations of death threats and conduct intended to cause grave emotional harm suffice. Corrected Compl. ¶¶ 19, 47. The covered personal injury includes nonphysical harm such as emotional distress. *Adams*, 478 B.R. at 486–87. No prepetition award is required; the statute's reference to damages awarded in a civil action is descriptive, not temporal. *Waag v. Permann* (*In re Waag*), 418 B.R. 373, 379–80 (B.A.P. 9th Cir. 2009); *Adams*, 478 B.R. at 483–84 (noting that a majority

of courts follow *Waag*). Courts facing a pending, unliquidated personal-injury action deny dismissal rather than reward a race to the courthouse. *Harrsch*, 432 B.R. at 173–74; *Waag*, 418 B.R. at 381.

**III. Any Deficiency Should Be Cured by Leave to Amend, Not Dismissal with Prejudice.**

If any theory is inadequately pleaded, leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. This is Plaintiff's first response to a Rule 12(b)(6) challenge, the asserted deficiencies concern specificity rather than incurable legal bars, and Defendant identifies no prejudice.

**CONCLUSION**

Plaintiff respectfully requests that the Court (1) abstain under 28 U.S.C. § 1334(c)(1) and modify the automatic stay under 11 U.S.C. § 362(d)(1) to permit the state-court action to proceed to judgment, with enforcement stayed absent further order; (2) hold this adversary proceeding, including the Motion, in abeyance, reserving dischargeability for this Court; (3) alternatively, deny the Motion; (4) further alternatively, grant leave to amend; and (5) grant such other relief as is just.

Dated: September 29, 2026

Respectfully submitted,

**500law**
200 South Andrews Avenue
Museum Plaza, Suite 100
Fort Lauderdale, Florida 33301
Telephone: (954) 351-7474
Primary: sfazio@500law.com
Secondary: docketing@500law.com
*Counsel for Plaintiff*

*By: /s/ Salvatore Fazio*
Salvatore Fazio, Esq.
Florida Bar No. 127525

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 29, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record and parties registered to receive electronic notification in this adversary proceeding.

*By: /s/ Salvatore Fazio*
Salvatore Fazio, Esq.
Florida Bar No. 127525